BURDICK, C.J., concurring.
I concur with the majority's reasoning and conclusion that the cumulative error doctrine does not require reversal of Johnson's conviction. I also concur with the majority's holding that the prosecutor below engaged in misconduct when the State's detective witness commented on Johnson's invocation of his right to remain silent. I write separately only to further emphasize the majority's admonishment to prosecutors who examine public officers whom, in turn, impermissibly comment on a defendant's Fifth Amendment right to remain silent.
This Court holds "when an officer of the State gives any unsolicited testimony that is gratuitous and prejudicial to the defendant, that testimony will be imputed to the State for purposes of determining prosecutorial misconduct." State v. Ellington , 151 Idaho 53, 61, 253 P.3d 727, 735 (2011). Prosecutors therefore engage in misconduct when the State's witness impermissibly comments on a defendant's Fifth Amendment right to silence. Id . at 59, 253 P.3d at 733. The frequency of appeals arising from State officials making such comments is troublesome. State v. Parker , 157 Idaho 132, 147, 334 P.3d 806, 821 (2014) (concluding that the prosecutor engaged in misconduct because the prosecutor's questioning of a detective witness elicited an improper response on defendant's right to silence); State v. Skunkcap , 157 Idaho 221, 233, 335 P.3d 561, 573 (2014) (concluding that the prosecutor engaged in misconduct because the prosecutor questioned a detective witness regarding defendant's refusal to answer any questions); State v. Parton , 154 Idaho 558, 565-67, 300 P.3d 1046, 1053-55 (2013) (concluding that the prosecutor engaged in misconduct when the prosecutor's questioning of two officers elicited testimony that violated the defendant's Fifth Amendment rights); Ellington , 151 Idaho at 61, 253 P.3d at 735 (concluding that the prosecutor engaged in misconduct when an officer testified that he "attempted to" speak with the defendant); State v. Erickson , 148 Idaho 679, 685, 227 P.3d 933, 939 (Ct. App. 2010) (concluding that the prosecutor engaged in misconduct when the prosecutor elicited evidence *251 that the defendant exercised his right to remain silent).
Here, the majority holds that the prosecutor engaged in misconduct because the State's detective witness impermissibly commented on Johnson's invocation of his right to remain silent by testifying that the detective "[t]ried to interview Mr. Johnson." The majority, however, concludes that the error was harmless because the district judge gave a curative instruction. The majority ultimately affirms Johnson's conviction and sentence. Although I agree with the majority's ultimate conclusion, I write to express my concern that appeals involving similar instances of prosecutorial misconduct have become all too familiar.
In Parker , this Court held "the prosecutor engaged in misconduct because the prosecutor's line of questioning with [a detective witness] caused an improper comment on [defendant]'s silence for purposes of implying guilt." 157 Idaho at 147, 334 P.3d at 821. However, this Court went on to hold that the error was harmless because the defendant did not meet his burden of proving "there [was] a reasonable possibility that the error affected the outcome of the trial." Id . at 148, 334 P.3d at 822 (quoting State v. Perry , 150 Idaho 209, 226, 245 P.3d 961, 978 (2010) ). Immediately following the Parker decision, this Court again held that a prosecutor engaged in misconduct because a detective witness commented on the defendant's refusal to answer the detective's questions. Skunkcap , 157 Idaho at 235, 335 P.3d at 575. This Court reprimanded the prosecutor because this Court concluded the "sole purpose of the testimony was to seek to have the jury infer that Defendant must be guilty because he would not talk after he was arrested." Id. at 233, 335 P.3d at 573. Despite the reprimand, the defendant's conviction was upheld because this Court was "not persuaded that there [was] a reasonable likelihood that the deputy prosecutor's misconduct affected the jury's verdict." Id . at 235, 335 P.3d at 575. The same situation described above arose a year earlier in Parton . 154 Idaho at 568-69, 300 P.3d at 1056-57. There, this Court held that the prosecutor engaged in misconduct by asking an officer witness to testify as to the defendant's statements where defendant asked for an "attorney when confronted with the allegation that he had" committed a crime. Id . at 567, 300 P.3d at 1055. This pattern of testimony is incongruent with prosecutors' duties.
Indeed, "[a]s public officers, prosecutors have a duty to ensure that defendants receive fair trials." Parker , 157 Idaho at 144, 334 P.3d at 818 (quoting State v. Severson , 147 Idaho 694, 715, 215 P.3d 414, 435 (2009) ). Given the immense power entrusted to prosecutors, it is imperative that prosecutors adhere to this fundamental duty. There seems to be little excuse for this recurring violation from law enforcement officers who are highly trained by experts, who appear in court proceedings on a reoccurring basis, and who are expertly prepared by prosecuting attorneys for numerous court hearings. It seems all of this training, expertise, time and money could come up with more appropriate responses than to comment on a criminally charged defendant's right to remain silent. The risk of losing an important case keeps getting higher with repeated violations.